

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0421-CR

_____

Jon Michael Chavez, Appellant

v.

The State of Texas, Appellee

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 2012-0159-1, Honorable James Anderson, Presiding

March 18, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Jon Michael Chavez appeals his conviction for possessing marijuana. His sole issue on appeal concerns the trial court's decision to deny his motion to suppress evidence. We affirm.

The applicable standard of review is that discussed in *St. George v. State,* 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). Furthermore, the test used in determining the existence of probable cause or reasonable suspicion is objective, not subjective. *Ford*

*v. State,* 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). That is, we look to see if the totality of the circumstances was sufficient to create, from the viewpoint of a reasonable officer, reasonable suspicion or probable cause to believe that crime is afoot or that the suspects have been or are engaging in crime. *Brother v. State,* 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). Our decision is not controlled by what the officer actually involved in the stop or arrest subjectively thought or believed.

The record at bar contains evidence that Deputy Ralston saw a vehicle driving in a field after 9 p.m. The field was privately owned by several parties, contained at least one "no trespassing" sign, and had portions fenced off with barbed wire. At least two of the owners had also informed him that they did not want trespassers on the property. When Ralston drove onto the land to investigate, the vehicle hurried away. Ralston then informed the dispatcher of what he saw and provided a description of the car. Another deputy near the field heard the dispatch, saw a vehicle matching the description given by Ralston driving from the field onto an adjacent parking lot, and effectuated a stop. Eventually, drugs were discovered in the vehicle.

Below, appellant simply attacked the legitimacy of the stop. The trial court overruled the motion to suppress. Appellant now questions that decision on appeal.

One commits the crime of criminal trespass if he ". . . enters or remains on or in property of another, including residential land, agricultural land, a recreational vehicle park, a building, or an aircraft or other vehicle, without effective consent and the person . . . had notice that the entry was forbidden . . . ." TEX. PENAL CODE ANN. § 30.05(a)(1) (West Supp. 2012). A reasonable officer would have been cognizant of that statute, given that all are imputed with knowledge of the law. Upon coupling that imputed

2

knowledge with the factual circumstances mentioned above (*i.e.*, the presence of a no trespassing sign, the time of night, and the rapid departure of appellant from the field when Ralston engaged his high beam headlights), we conclude that a reasonable officer witnessing the circumstances had, at the very least, reasonable suspicion to believe a criminal trespass was afoot. Thus, the occupants in the vehicle were susceptible to being lawfully stopped or detained.

That a deputy other than Ralston effectuated the detention matters not. The basis for stopping a vehicle may be provided by more than one person. *Brother v. State*, 166 S.W.3d at 257. Indeed, the detaining officer need not be personally aware of every fact that supports reasonable suspicion before he can detain; rather, the collective knowledge of the cooperating officers is determinative. *Derichsweiler v. State*, 348 S.W.3d 906, 915 (Tex. Crim. App.), *cert. denied,* __ U.S. __, 132 S.Ct. 150, 181 L.Ed.2d 67 (2011). The record at bar contains evidence that the deputy who made the stop relied on information imparted by Ralston, and, as concluded above, Ralston had lawful basis to make the stop himself.

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

3